**In re A PURPORTED JUDGMENT LIEN AGAINST Albert BARCROFT, Appellant.**

No. 06–01–00112–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 11, 2001.

Decided Sept. 28, 2001.

Albert Barcroft, Trenton, pro se.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

CORNELIUS, Chief Justice.

Albert Barcroft appeals the trial court's order of May 4, 2001, denying his "Motion for Judicial Review of a Documentation Purporting to Create a Judgment Lien." *See* TEX. GOV'T CODE ANN. § 51.902 (Vernon 1998). Subsection (a) of that section authorizes a district court having jurisdiction over real property matters in the county where a lien document is filed to review the purported lien. A motion for such a review must allege that there has been filed with the county clerk documentation, attached to the motion, purporting to have been rendered on the basis of a judgment, act, order, directive or process of a court, judicial entity, or judicial officer; and, further, must allege that the purported court, judicial entity, or judicial officer is not legally created or established under the Constitution or laws of this State or of the United States, and therefore, the documentation should not be accorded lien status. The motion also must request that the court review the documentation and enter an order determining whether it should be accorded lien status.

Barcroft filed a motion pursuant to Section 51.902(a) and attached to his motion as Exhibit A, a copy of a "Notice of Federal Tax Lien." In his motion, Barcroft contends that on June 26, 1998, the Fannin County Clerk received and filed in the county records the original of Exhibit A. The motion further contends that the document so filed did not meet the requirements of a valid lien and that the purported court, judicial entity, or judicial officer referred to in the lien is not one legally created or established as required by the statute.

TEX. GOV'T CODE ANN. § 51.902(c) provides that such a motion may be ruled on by a district judge having jurisdiction over real property matters in the county where the subject documentation was filed. The court's ruling may be ex parte, without notice, and may be based solely on the documentation attached to the motion. The statute further provides:

> The court's ruling on the motion, in the nature of a finding of fact and a conclusion of law, is unappealable if it is substantially similar to the form suggested in Subsection (g).

TEX. GOV'T CODE ANN. § 51.902(c) (emphasis added).

Subsection (g) of Section 51.902 states that after reviewing the documentation attached to the motion, the district judge shall enter findings of fact and conclusions of law, which must be filed in the same class of records in which the subject documentation or instrument was filed. Subsection (g) sets out a suggested form order to comply with the statute, the substantive portions of which we set out in full as follows:

> On the (number) day of (month), (year), in the above entitled and numbered cause, this court reviewed a motion verified by affidavit of (name) and the documentation attached thereto. No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation under the authority vested in the court under Subchapter J, Chapter 51, Government Code.
>
> The court finds as follows (only an item checked and initialed is a valid court ruling):
>
> _____ The documentation attached to the motion herein refers to a legally constituted court, judicial entity, or judicial officer created by or established under the constitution or laws of this state or of the United States. This judicial finding and conclusion of law does not constitute a finding as to any underlying claims of the parties.
>
> _____ The documentation attached to the motion herein DOES NOT refer to a legally constituted court, judicial entity, or judicial officer created by or established under the constitution or laws of this state or of the United States. There is no valid judgment lien created by the documentation.
>
> This court makes no finding as to any underlying claims of the parties involved and expressly limits its finding of fact and conclusion of law to a ministerial act. The county clerk shall filed this finding of fact and conclusion of law in the same class of records as the subject documentation was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject document.

The trial court in this matter rendered his decision by an order that states:

> BE IT HEREBY ORDERED that the Motion for Judicial Review of a Documentation Purporting to Create a Judg-

ment Lien in the above numbered and styled cause is denied.

■ The jurisdiction of a court of appeals is not unlimited or absolute; it is established by constitutional or statutory provisions. *Ex parte Lewis,* 663 S.W.2d 153, 154 (Tex.App.—Amarillo 1983, orig. proceeding). We find no statute or constitutional provision expressly authorizing an appeal to this Court in this type of proceeding. Instead, the statute presupposes that we have appellate jurisdiction over an appeal from a ruling under this section, because it limits the scope of our review by stating that the trial court's ruling on the motion is unappealable if it is in the form specified in the statute.

We conclude that the Legislature would not have limited the scope of our review unless it intended that we should be able to conduct a review. Thus, we conclude that we have jurisdiction over this appeal.

Under Section 51.902(c), the trial court's ruling on a motion is unappealable if rendered in substantially the form provided in Section 51.902(g). Thus, under the plain language of the statute, our appellate authority in this matter is limited to insuring that the trial court make its ruling in the form required by the statute and that we are not authorized to review the substantive determination made by the trial court. We find that the trial court's order in this case does not substantially comply with the statutory form. Therefore, we remand this cause to the trial court with instructions to enter an order that substantially complies with the form set forth in Section 51.902(g). Upon the trial court's compliance with our order, no further appeal is allowed.

The order of the trial court is remanded to that court to enter the proper order.