NUMBER 13-04-00566-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


_______________________________________________________________________


JOHN OCIE ROBERTS, Appellant,


v.



ELEANOR CARTE, ET AL., Appellees.

______________________________________________________________________


On appeal from the 357th District Court of Cameron County, Texas.


________________________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion Per Curiam


 Appellant, John Ocie Roberts, proceeding pro se, attempts to appeal a summary
judgment rendered against him. After reviewing the record and briefing, we affirm in part
and dismiss in part for want of jurisdiction.

 On April 24, 2004, the trial court rendered summary judgment against appellant and
in favor of appellees, Eleanor Carte, the Estate of A.C. Carte by and Through its Executrix,
Celeste Bowman, and Javier Gonzales. Accordingly, appellant's notice of appeal was due
within thirty days thereafter. See Tex. R. App. P. 26.1. On July 14, 2004, Roberts filed a
motion for new trial and a motion to modify the judgment, along with a motion for leave to
file these documents. Roberts contended that he did not timely receive notice of the
judgment and sought an extension of time for post-judgment deadlines pursuant to rule
306a(4) of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 306a. After notice and
hearing, the trial court found that appellant received notice of this judgment on May 14,
2004. Accordingly, appellant's notice of appeal, filed on September 13, 2004, was
untimely.

 Appellant urges this Court to retain jurisdiction over his appeal on grounds that the
summary judgment at issue was not final and appealable. According to appellant, there
were two motions pending when the trial court granted summary judgment, and the trial
court did not rule on these motions until September 2, 2004. 

 Based on our review of the record, the judgment entered on April 26, 2004 disposes
of all parties and causes and is final and appealable. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 200 (Tex. 2001) (a "judgment that finally disposes of all remaining parties and
claims, based on the record in the case, is final . . . ."). This judgment granted summary
judgments in favor of all defendants on all claims brought against them by appellant. 

 On September 2, the trial court denied appellant's motion for new trial and, in a
separate order, entered findings of fact and conclusions of law. Neither ruling indicates,
in the instant case, that the judgment at issue was not final. See Tex. R. App. P. 26.1(a); 
Jefferson Cty. Drainage Dist. v. Lower Neches Valley Auth., 876 S.W.2d 940, 959 (Tex.
App.-Beaumont 1994, writ denied) (trial court may enter findings of fact and conclusions
of law after expiration of plenary power); see also Tex. Gov't Code Ann. § 51.902 (Vernon
2005) (governing conclusions of law and findings of fact in an action on a fraudulent
judgment lien).

 Appellant also urges this Court to retain jurisdiction over this appeal on grounds that
he is appealing a nunc pro tunc judgment entered on October 21, 2004. If the trial court
corrects a clerical error after the court's plenary power has expired, no complaint can be
made on appeal that could have been presented in an appeal from the original judgment. 
See Tex. R. Civ. P. 329b(h); Gutierrez v. Gutierrez, 86 S.W.3d 721, 726 (Tex. App.-El
Paso 2002, no pet.); see also Tex. R. App. P. 4.3(b). 

 Three of appellant's six issues concern the merits of the case and could have been
presented in an appeal from the original judgment. Accordingly, we do not have jurisdiction
to consider these issues on appeal. See Tex. R. Civ. P. 329b(h); Gutierrez, 83 S.W.3d at
726. 

 Two of appellant's remaining issues attack the trial court's findings of fact and
conclusions of law entered on September 2, 2004. Our authority over these findings and
conclusions is limited to insuring that the trial court made its ruling in the form required by
statute. See Tex. Gov't Code Ann. § 51.902 (Vernon 2005) (providing that a court's
conclusions of law and findings of fact in an action on a fraudulent judgment lien is
unappealable if substantially similar to the form required by statute); In re Purported
Judgment Lien Against Barcroft, 58 S.W.3d 799, 801 (Tex. App.-Texarkana 2001, no pet.)
(appellate authority over court's findings and conclusions in an action on a fraudulent
judgment lien is limited to insuring that the trial court make its ruling in the form required
by the statute). Neither of appellant's issues concerns the form of the trial court's rulings,
and accordingly, we lack jurisdiction to review said matters. 

 Appellant's remaining issue contends that the trial court abused its discretion in
granting the judgment nunc pro tunc because he did not timely receive notice of the
hearing on the motion for nunc pro tunc. The rules of civil procedure allow the trial court
to correct clerical mistakes in the record "after notice of the motion therefor has been given
to the parties interested in such judgment." See Tex. R. Civ. P. 316 (emphasis added). 
Our review of the clerk's record indicates that appellant duly received notice of the motion
for judgment nunc pro tunc. See Tex. R. Civ. P. 316. Accordingly, we overrule appellant's
remaining issue on appeal. 

 We AFFIRM IN PART and DISMISS IN PART FOR LACK OF JURISDICTION as
stated herein.

 PER CURIAM


Memorandum Opinion delivered and filed 

this the 15th day of November, 2007.