

## NUMBER 13-08-00462-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOHNNY PARTAIN,                                                          APPELLANT,

v.

TEXAS STATE BANK,                                                        APPELLEE.

On Appeal from the 357th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

Before Justices Yanez, Garza, and Vela
Memorandum Opinion Per Curiam

Appellant, Johnny Partain, pro se, appeals the trial court's order of April 7, 2008, entitled "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation Purporting to Create a Judgment Lien."  *See* TEX. GOV'T CODE ANN. § 51.902 (Vernon

2005).  Under the government code, a person against whom a purported judgment was rendered can file a motion requesting a judicial determination regarding whether the alleged judgment should be accorded lien status.  *See generally id.*  The motion may be ruled on by a district judge having jurisdiction over real property matters in the county where the subject documentation was filed.  *See id.* § 51.902(c).  The court's review of the motion and documentation may be made ex parte, without notice, and may be based solely on the documentation attached to the motion. *See id.*  The government code further provides that the court's ruling on the motion, in the nature of a finding of fact and a conclusion of law, is *unappealable* if it is substantially similar to the form suggested in the government code.  *See id.* (emphasis added).  Thus, under the plain language of the statute, our appellate authority in this matter is limited to ensuring that the trial court made its ruling in the form required by the statute.  *See id.*  We are not authorized to review the substantive determination made by the trial court.  *See id.*; *In re a Purported Judgment Lien Against Barcroft*, 58 S.W.3d 799, 801 (Tex. App.–Texarkana 2001, no pet.).

The trial court's order of April 7, 2008 is rendered in the precise form provided in the government code.  *See id.* § 51.902(g).  On September 12, 2008, this Court notified appellant that it appeared that the order from which he was attempting to appeal was not appealable.  Appellant was further informed that if the defects were not cured within ten days from the date of receipt of that notice, the appeal would be dismissed.  Appellant's response fails to establish that the trial court's order is otherwise appealable.  Appellant's brief likewise fails to establish that the trial court's order is subject to further review.

We have exercised our appellate authority in this matter and have ensured that the trial court's ruling is in the form required by the statute; we are not authorized to review the

2

substantive determination made by the trial court.  *See id.*; *Barcroft*, 58 S.W.3d at 801.

Accordingly, the order of the trial court is AFFIRMED.

PER CURIAM

Memorandum Opinion delivered and
filed this the 30th day of October, 2008.