NUMBER 13-08-00462-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 




JOHNNY PARTAIN, APPELLANT,


v.



TEXAS STATE BANK, APPELLEE.





On Appeal from the 357th District Court 


of Cameron County, Texas.




 


MEMORANDUM OPINION


 

Before Justices Yanez, Garza, and Vela


Memorandum Opinion Per Curiam


 Appellant, Johnny Partain, pro se, appeals the trial court's order of April 7, 2008,
entitled "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation
Purporting to Create a Judgment Lien." See Tex. Gov't Code Ann. § 51.902 (Vernon
2005). Under the government code, a person against whom a purported judgment was
rendered can file a motion requesting a judicial determination regarding whether the
alleged judgment should be accorded lien status. See generally id. The motion may be
ruled on by a district judge having jurisdiction over real property matters in the county
where the subject documentation was filed. See id. § 51.902(c). The court's review of the
motion and documentation may be made ex parte, without notice, and may be based solely
on the documentation attached to the motion. See id. The government code further
provides that the court's ruling on the motion, in the nature of a finding of fact and a
conclusion of law, is unappealable if it is substantially similar to the form suggested in the
government code. See id. (emphasis added). Thus, under the plain language of the
statute, our appellate authority in this matter is limited to ensuring that the trial court made
its ruling in the form required by the statute. See id. We are not authorized to review the
substantive determination made by the trial court. See id.; In re a Purported Judgment
Lien Against Barcroft, 58 S.W.3d 799, 801 (Tex. App.-Texarkana 2001, no pet.).

 The trial court's order of April 7, 2008 is rendered in the precise form provided in the
government code. See id. § 51.902(g). On September 12, 2008, this Court notified
appellant that it appeared that the order from which he was attempting to appeal was not
appealable. Appellant was further informed that if the defects were not cured within ten
days from the date of receipt of that notice, the appeal would be dismissed. Appellant's
response fails to establish that the trial court's order is otherwise appealable. Appellant's
brief likewise fails to establish that the trial court's order is subject to further review. 

 We have exercised our appellate authority in this matter and have ensured that the
trial court's ruling is in the form required by the statute; we are not authorized to review the
substantive determination made by the trial court. See id.; Barcroft, 58 S.W.3d at 801. 
Accordingly, the order of the trial court is AFFIRMED.


 PER CURIAM

Memorandum Opinion delivered and 

filed this the 30th day of October, 2008.