**Reversed and Remanded and Memorandum Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00342-CV

### VICKIE C. MCNULTY MYERS, Appellant

### V.

### FRANK W. BRACEWELL CHARITABLE FOUNDATION, Appellee

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 75,327-CV**

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a judgment dated December 26, 2013, and a judgment nunc pro tunc dated January 16, 2014. The parties agree that neither the judgment nor the judgment nunc pro tunc comply with Section 51.903(g) of the Texas Government Code and that both should be reversed.

Appellant requests we render judgment that both orders are invalid. Appellee requests a remand with instructions to enter an order that complies with the statute.

Under the government code, a person against whom a purported judgment was rendered can file a motion requesting a judicial determination regarding whether the alleged judgment should be accorded lien status. *See generally* Tex. Gov't Code Ann. § 51.902 (West 2013). The motion may be ruled on by a district judge having jurisdiction over real property matters in the county where the subject documentation was filed. *See id*. § 51.902(c). The court's review of the motion and documentation may be made ex parte, without notice, and may be based solely on the documentation attached to the motion. *See id*. The government code further provides that the court's ruling on the motion, in the nature of a finding of fact and a conclusion of law, is unappealable if it is substantially similar to the form suggested in the government code. *See id*. Thus, under the plain language of the statute, our appellate authority is limited to ensuring that the trial court made its ruling in the form required by the statute. *See id*. We are not authorized to review the substantive determination made by the trial court. *See id*.; *In re a Purported Judgment Lien Against Barcroft*, 58 S.W.3d 799, 801 (Tex.App.-Texarkana 2001, no pet.). Accordingly, we reverse the trial court's judgments entered December 26, 2013, and January 16, 2014, and remand for entry of an order in the form required by the statute.

PER CURIAM


Panel consists of Justices McCally, Brown and Wise.